# Exhibit 3

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG • BEIJING
BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL • SILICON VALLEY

CRAIG B. BROD
NICOLAS GRABAR
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY

MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
JOHN A. KUPIEC
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI

ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
   RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
   RESIDENT COUNSEL

Writer's Direct Dial: +1 212 225 2524
E-Mail: evicens@cgsh.com

March 14, 2022

Via FOIA STAR Portal

Director, Office of Information Policy
United States Department of Justice
441 G Street, NW, 6th Floor
Washington, D.C. 20530-0001

      Re:  Freedom of Information Act Appeal, Reference No. 2021-0528

Dear Sir or Madam:

      We write to appeal the denial of access to records and information in the possession of the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") under the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA").  On March 22, 2021, John Lindsay-Poland transmitted a FOIA request to the ATF (the "March 22 Request," reproduced hereto as Exhibit A) seeking aggregate trace data for firearms recovered in Mexico, Guatemala, Honduras and El Salvador, and traced by the ATF, from December 31, 2014 to present.  Ex. A.  By letter dated December 14, 2021 (the "December 14 Denial Letter," attached hereto as Exhibit B), Adam C. Siple, Chief, Information and Privacy Governance Division, denied Mr. Lindsay-Poland access to records responsive to the March 22 Request.  We respectfully ask that you reconsider granting the March 22 Request because the ATF has not established that the information Mr. Lindsay-Poland seeks falls within an exemption to the FOIA or that its disclosure is otherwise prohibited by law.  *See generally Ctr. for Investigative Reporting v. U.S. Dep't of Just.*, 14 F.4th 916 (9th Cir. 2021) (reversing district court denial of access to aggregate trace data).

      The December 14 Denial Letter states that the ATF is withholding records that are responsive to the March 22 Request "pursuant to 5 U.S.C. § 552 (b)(3) [Exemption 3] and Public Law 112-55, 125 Stat. 552 [the ATF's 2012 Appropriation Bill]."  Ex. B at 1.  However, the

FOIA Appeal, Reference No. 2021-0528, p. 2

ATF's 2012 Appropriations Bill, which includes the 2012 Tiahrt Rider, does not provide a basis for withholding records that are responsive to a FOIA request because the 2012 Tiahrt Rider does not meet the statutory requirements of Exemption 3.  For statutes enacted *after* the enactment of the OPEN FOIA Act of 2009 to serve as a basis for invoking Exemption 3, they must "specifically cite[]" to 5 U.S.C. § 552(b)(3).  5 U.S.C. § 552 (b)(3)(B).  The 2012 Tiahrt Rider does not cite to that paragraph and, therefore, cannot be a proper basis for invoking Exemption 3.  *See* Pub. L. No. 112–55, 125 Stat. 552, 609-10 (2011); *Ctr. for Investigative Reporting*, 14 F.4th at 927 ("[I]t is plain that, though enacted after the OPEN FOIA Act of 2009, [the 2012 Tiahrt Rider] makes no reference to 5 U.S.C. § 552(b)(3)"); *see also Hamdan v. U.S. Dep't of Just.*, 797 F.3d 759, 776 (9th Cir. 2015) (The first step of the inquiry requires resolving "whether the statute identified by the agency is a statute of exemption within the meaning of Exemption 3.").

      The December 14 Denial Letter attempts to sidestep this issue by suggesting that the 2012 Tiahrt Rider merely "carries forth" restrictions that preceded the enactment of the OPEN FOIA ACT of 2009 and that those earlier restrictions "satisfy all the requirements of FOIA Exemption [3]."  Ex. B at 1.  However, the 2012 Tiahrt Rider impliedly repealed the prior iterations of that funding restriction.  *See Ctr. for Investigative Reporting*, 14 F.4th at 927 ("We conclude that the 2012 Rider—which enacted the language of the 2010 Rider without any alteration—is the only operative Rider.").  Even the Second Circuit decision affirmatively cited in the December 14 Denial Letter agrees with the Ninth Circuit on this point.  *See Everytown for Gun Safety Support Fund v. ATF*, 984 F.3d 30, 37 (2d Cir. 2020) ("The ATF does not meaningfully challenge the district court's conclusion that Congress has impliedly repealed the earlier Tiahrt Riders, and we agree with that determination.").  The only Tiahrt Rider that the ATF can rely upon is the 2012 Tiahrt Rider—and that piece of legislation does not satisfy the statutory requirements of Exemption 3.

      Moreover, the December 14 Denial Letter's reliance on the Second Circuit's decision in *Everytown* to dismiss the Ninth Circuit's well-reasoned decision in *Center for Investigative Reporting* is puzzling.  The December 14 Denial Letter states that the Ninth Circuit did not expressly address the argument that the specific-citation requirement in the OPEN FOIA ACT of 2009 impermissibly 'entrenched' Congress.  Ex. B at 2 (citing *Ctr. for Investigative Reporting*, 14 F.4th at 932-33).  However, this apparent distinction does not aid the ATF's argument for two reasons.  *First*, the December 14 Denial Letter cites Exemption 3 as the basis for the denial.  Ex. B at 1 ("[The requested] information is exempt from disclosure pursuant to Exemption (b)(3) of the FOIA.").  Taking the December 14 Denial Letter at face value, the ATF does not appear to be adopting Judge Menashi's sweeping view that Exemption 3's statutory requirements do not apply in these circumstances at all.  *Cf. Everytown*, 984 F.3d at 42-43 (reasoning that Congress "[chose] to depart from the requirements adopted in the OPEN FOIA Act").  Thus, the Second Circuit's holding that the requirements of the FOIA do not apply here could not support the ATF's reasoning that *those very same requirements* of FOIA have apparently been satisfied.  *Second*, despite finding that "the specific-citation requirement of the OPEN FOIA Act does not dictate the outcome," the Second Circuit still proceeded to evaluate whether the FOIA request fell within any of the exceptions to the 2012 Tiahrt Rider.  *Id*. at 39,

FOIA Appeal, Reference No. 2021-0528, p. 3

43 (considering exceptions to the 2012 Tiahrt Rider). Thus, contrary to the December 14 Denial Letter's suggestion, invoking the 2012 Tiahrt Rider does complete the inquiry into whether the ATF is obligated to turn over the requested records. In fact, on this point, the Second and Ninth Circuits are again in agreement: the ATF needs to still consider whether aggregate statistical data falls within the 2012 Tiahrt Rider's exceptions. *Compare id*. at 43 *with Ctr. for Investigative Reporting*, 14 F.4th at 933. The ATF failed to undertake this analysis.

   A proper analysis of the exclusions to the 2012 Tiahrt Rider would find—consistent with the Ninth Circuit's well-reasoned decision in *Center for Investigative Reporting*—that the March 22 Request seeks statistical information that falls within those exceptions. The 2012 Tiahrt Rider carves out the following types of records and information from its general prohibition on disclosing trace data:

> the publication of annual statistical reports on products regulated by the Bureau of Alcohol, Tobacco, Firearms and Explosives, including total production, importation, and exportation by each licensed importer (as so defined) and licensed manufacturer (as so defined), or statistical aggregate data regarding firearms traffickers and trafficking channels, or firearms misuse, felons, and trafficking.

Pub. L. No. 112–55, 125 Stat. at 610. Congress' inclusion of "statistical aggregate data," in addition to "annual statistical reports," indicates that Congress intended to permit both the formal release of reports containing annual statistics as well as the release of "statistical aggregate data" on an *ad hoc* basis, such as through FOIA requests. *See Ctr. for Investigative Reporting*, 14 F.4th at 933-36 (holding that the 2012 Tiahrt Rider does not bar the release of aggregate statistical data in response to FOIA requests).

   Finally, the December 14 Denial Letter suggests that only "[s]ome of the information in the requested records falls within [the 2012 Tiahrt Rider]." Ex. B at 1. However, the FOIA requires the ATF, where possible, to redact any exempt information and produce the requested non-exempt information. *See* 5 U.S.C. § 552(b)(9) (requiring "reasonably segregable portion[s] of a record" to be provided to the requester after deleting the exempt portions). Without providing a particularized assessment of which records contain non-exempt information, the ATF's failure to disclose the requested records violates the FOIA.

FOIA Appeal, Reference No. 2021-0528, p. 4

      We look forward to receiving your final determination of this appeal within 20 days of your receipt of this letter as required by 5 U.S.C. § 552(a)(6)(A)(ii).  Please contact me by phone at (212) 225 2524, by fax at (212) 225 3999, or by email at evicens@cgsh.com if you have any questions or require additional information.

                      Sincerely,

                      *Elizabeth Vicens*

                      Elizabeth Vicens

Enclosures

# Exhibit A

Bureau of Alcohol, Tobacco, Firearms and Explosives
Information Privacy and Governance (IPG) Division, Room 4E.301
99 New York Avenue, NE
Washington, DC 20226
Email: foiamail@atf.gov

Dear sirs/madames:

This is a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. ' 552.
I request records based on a database query containing data on **firearms** recovered in **Mexico, Guatemala, Honduras, and El Salvador**, and **traced by the ATF**, **since Dec. 31, 2014**. From this, I request database query results with the following data:

1. **Number of firearms traced**, and with the following disaggregations, **for each country** where firearm was recovered and **each year**:
- **state of FFL where firearm was purchased**
- **county of FFL where firearm was purchased**
- **zip code of FFL where firearm was purchased**
- **type of firearm (rifle, shotgun, pistol, revolver, other)**
- **caliber of firearm**
- **make of firearm**

2. **Number of buyers** to which recovered firearms were traced as purchases, **by year**, by **country where firearm was recovered**, and by **county of purchase**

3. **Number of FFLs** to which recovered firearms were traced as purchases, with the following disaggregations for **each country** and **year of purchase**:
- **county and state of purchase**
- **type of firearm (rifle, shotgun, pistol, revolver, other)**
- **caliber of firearm**

As the Ninth Circuit Court ruled last year in The Center for Investigative Reporting vs. U.S. Department of Justice (3:17-cv-06557- JSC), aggregate gun trace data, such as the number of guns traced back to a general location, falls outside the Tiahrt Amendment's scope. The Court also rejected the federal government's argument that the querying and searching of government databases amounts to the creation of a "new document."

I make this request as a representative of the news media. I have published extensively on issues related to firearms trafficking in the Americas, including widely cited research reports, op-eds in publications such as the *Los Angeles Times*, a documentary film, and a web site dedicated to the issue.

If this request is denied in full, or in part, please cite each exemption pursuant to 5 U.S.C. ' 552(b) that justifies each denial. If an exemption applies, however, please

consider exercising the agency's discretionary release powers to disclose the records. Any such action supports the presumption of "openness" on which FOIA is based.

Additionally, please release all reasonably segregable portions of the records that do not meet an exemption. 5 U.S.C. ' 552(b). For example, if you determine that FFL zip code data is not releasable but FFL county data is, please adjust the database query to release all data that is releasable.

I request a waiver of all costs associated with fulfilling this submission pursuant to 5 U.S.C. ' 552(a)(4)(A)(iii) and 6 C.F.R. §5.11(k). Disclosure of the requested records will contribute significantly to public's understanding of the operations or activities of the government. However, if my request for a waiver is denied, I am willing to pay fees for this request up to a maximum of $50. If you estimate that the fees will exceed this limit, please inform me first.

I request that the information be provided in electronic format that is searchable by commonly used software programs, and I ask to receive it via email.

I also include a telephone number at which I can be contacted during the hours of 8:30 to 5:30 Pacific Time, if necessary, to discuss any aspect of my request. Thank you for your consideration of this request.


Sincerely,

John Lindsay-Poland

Coordinator, Stop US Arms to Mexico Project
Global Exchange
1446 Market St.
San Francisco, CA 94103
Telephone: 510-282-8983
Cc: Alain Stephens, Champ Barton, The Trace

2

# Exhibit B



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

www.atf.gov

December 14, 2021                                                              REFER TO:  2021-0528

VIA Email:  johnlindsaypoland@gmail.com

Dear Mr. Lindsay-Poland:

This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated March 22, 2021, and received by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on March 22, 2021, in which you requested records concerning firearm/ FFLs. Your request has been assigned number 2021-0528. Please refer to this number on any future correspondence.

You have requested material that ATF is required to maintain pursuant to the Gun Control Act (GCA) and/or is information contained in ATF Firearms Trace System database.  This information is exempt from disclosure pursuant to Exemption (b)(3) of the FOIA.

Exemption (b)(3) of the FOIA permits the withholding of information prohibited from disclosure by another statute only if one of two disjunctive requirements are met:  the statute either (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.  Thus, a statute falls within the exemption's coverage if it satisfies any one of its disjunctive requirements.

Beginning in 2003, Congress placed restrictions on ATF's disclosure of certain GCA related information.  In short, ATF can only provide certain GCA data to a law enforcement agency or a prosecutor solely in connection with a criminal investigation or prosecution.  Beginning in Fiscal Year 2006, Congress included a provision within each iteration of the restriction on disclosure that effectively made that restriction permanent.

The most recent iteration of these various restrictions was included in ATF's 2012 Appropriation Bill, Public Law 112-55, 125 Stat. 552.  Some of the information in the requested records falls within this restriction.  Because the Fiscal Year 2006 through 2008 restrictions satisfy all the requirements of FOIA Exemption (b)(3), and the 2012 language is carries forth those restrictions, I am withholding the trace data pursuant to 5 U.S.C. § 552 (b)(3) and Public Law 112-55, 125 Stat. 552.

-2-

Mr. Lindsay-Poland

The Second Circuit has, on that basis, held that the requested information is exempt from disclosure. *See Everytown for Gun Safety Support Fund v. ATF*, 984 F.3d 30 (2d Cir. 2020), Though your request mentions that the Ninth Circuit reached a different result in *Center for Investigative Reporting v. U.S. Department of Justice*, 14 F.4th 916 (9th Cir. 2021), the Ninth Circuit also expressly did not address the ground on which the Second Circuit prohibited disclosure, *see id.* at 932-33.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaisons, Darryl Webb or Johnny Rosner, at (202) 648-7390, for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

                         Sincerely,

                         Adam C. Siple
                         Chief
                Information and Privacy Governance Division