

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco, Firearms and Explosives

www.atf.gov

December 14, 2021 　　　　　　　　　　　　　　　　　　REFER TO:  2021-0528

VIA Email:  johnlindsaypoland@gmail.com

Dear Mr. Lindsay-Poland:

This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated March 22, 2021, and received by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on March 22, 2021, in which you requested records concerning firearm/ FFLs. Your request has been assigned number 2021-0528. Please refer to this number on any future correspondence.

You have requested material that ATF is required to maintain pursuant to the Gun Control Act (GCA) and/or is information contained in ATF Firearms Trace System database.  This information is exempt from disclosure pursuant to Exemption (b)(3) of the FOIA.

Exemption (b)(3) of the FOIA permits the withholding of information prohibited from disclosure by another statute only if one of two disjunctive requirements are met:  the statute either (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.  Thus, a statute falls within the exemption's coverage if it satisfies any one of its disjunctive requirements.

Beginning in 2003, Congress placed restrictions on ATF's disclosure of certain GCA related information.  In short, ATF can only provide certain GCA data to a law enforcement agency or a prosecutor solely in connection with a criminal investigation or prosecution.  Beginning in Fiscal Year 2006, Congress included a provision within each iteration of the restriction on disclosure that effectively made that restriction permanent.

The most recent iteration of these various restrictions was included in ATF's 2012 Appropriation Bill, Public Law 112-55, 125 Stat. 552.  Some of the information in the requested records falls within this restriction.  Because the Fiscal Year 2006 through 2008 restrictions satisfy all the requirements of FOIA Exemption (b)(3), and the 2012 language is carries forth those restrictions, I am withholding the trace data pursuant to 5 U.S.C. § 552 (b)(3) and Public Law 112-55, 125 Stat. 552.

Mr. Lindsay-Poland

The Second Circuit has, on that basis, held that the requested information is exempt from disclosure.  *See Everytown for Gun Safety Support Fund v. ATF*, 984 F.3d 30 (2d Cir. 2020), Though your request mentions that the Ninth Circuit reached a different result in *Center for Investigative Reporting v. U.S. Department of Justice*, 14 F.4th 916 (9th Cir. 2021), the Ninth Circuit also expressly did not address the ground on which the Second Circuit prohibited disclosure, *see id.* at 932-33.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaisons, Darryl Webb or Johnny Rosner, at (202) 648-7390, for any further assistance and to discuss any aspect of your request.  Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

               Sincerely,

               Adam C. Siple
               Chief
               Information and Privacy Governance Division