D. VICTORIA BARANETSKY (SBN 311892)
DARA GRAY (SBN Pending)
**THE CENTER FOR INVESTIGATIVE REPORTING**
1300 65th Street, Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Fax: (510)849-6141
vbaranetsky@revealnews.org

MEGHAN FENZEL (SBN 324139)
**JASSY VICK CAROLAN LLP**
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone:    310-870-7048
Facsimile:    310-870-7010
mfenzel@jassyvick.com

Counsel for Amicus Curiae
THE CENTER FOR INVESTIGATIVE REPORTING

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN LINDSAY-POLAND,<br><br>           Plaintiff,<br><br>    vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>           Defendants. | Case No. 3:22-cv-7663-EMC<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* OF CENTER FOR INVESTIGATIVE REPORTING IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   October 19, 2023<br>Time:  1:30 p.m.<br>Crtrm: 4, 17th Floor<br>Judge: Hon. Edward M. Chen |

## I. INTRODUCTION

The Center for Investigative Reporting ("CIR" d/b/a "Reveal") respectfully moves for leave to file an *amicus curiae* brief in support of Plaintiff's Cross-Motion for Summary Judgment. A copy of the proposed brief is attached as Exhibit 1 to this motion, and a supporting declaration is attached as Exhibit 2. Plaintiff has consented to the filing of this motion and the accompanying amicus brief. Defendant has also consented to this filing.

## II. IDENTITY AND INTEREST OF *AMICUS CURIAE*

Founded in 1977, CIR is the nation's oldest nonprofit investigative newsroom. Doing business as Reveal, CIR produces investigative journalism on its website revealnews.org, the Reveal national public radio show, the Reveal podcast, and various documentary projects. CIR often collaborates with other newsrooms across the country. It is a California nonprofit public benefit corporation that is tax-exempt under section 501(c)(3) of the Internal Revenue Code.

CIR has an important perspective to bring to this matter because, from 2017 through 2022, CIR litigated a FOIA case against the ATF regarding the same type of data that Plaintiff John Lindsay-Poland seeks in the above-captioned FOIA lawsuit. CIR ultimately prevailed in a published Ninth Circuit *en banc* opinion and received the requested data and a settlement payment from ATF. *See Ctr. for Investigative Reporting v. United States Dep't of Just.*, 14 F.4th 916, 922 (9th Cir. 2021) *amending* 982 F.3d 668 (9th Cir. 2020); *see also Ctr. for Investigative Reporting v. United States Dep't of Just.*, No. 3:17-cv-06557-JSC, Dkt. 74 (N.D. Cal. Oct. 7, 2022). In that opinion, the Ninth Circuit held that the ATF had to disclose the records because: (1) Exemption 3 does not apply where the 2012 Tiahrt Rider does not cite to 5 U.S.C. § 552(b)(3); *see CIR v. DOJ*, 14 F.4th at 931–32; (2) regardless, the Tiahrt Rider's Exception C for "statistical aggregate data" permitted disclosure; *see id.* at 933–36; and (3) using a query to search for records in a government agency's database does not amount to the creation of a new record; *see id.* at 937–39. Despite CIR's hard-fought win for public right of access to firearm tracing data, which cost significant internal and pro bono resources, the ATF has not followed this binding Ninth Circuit precent in responding to *any* FOIA requests originating in the Ninth Circuit, including Plaintiff John Lindsay-Poland's.

CIR continues to research and tell important stories on firearms and gun violence in America. In fact, in collaboration with CBS and the Trace, it has published a series of articles using the data CIR received from ATF as a result of its 2017–22 FOIA litigation.[1] Ensuring public access to important public data that informs our polity is a key mission of CIR, as an investigative journalism outlet. Such access to data also has sweeping implications for the political debate on the role of guns in this country and the government's role in regulating them.

No party's counsel has authored the attached brief, in whole or in part, nor has any person other than *amicus curiae*, its members, or its counsel contributed money that was intended to fund preparing or submitting this brief.

## III. ARGUMENT

District courts have "broad discretion" to appoint amicus curiae. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). In that vein, "[d]istrict courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved . . . ." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal 2005). If permitted to file, CIR will fulfill "the classic role of amicus curiae by assisting in a case of general public interest[] [and] supplementing the efforts of counsel[.]" *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982).

The Court should exercise its discretion to permit CIR to file the attached amicus brief. CIR is generally familiar with the scope of the Parties' arguments and will not unduly repeat those arguments. Rather, CIR will draw upon its knowledge, experience, and unique interest as both a non-profit investigative journalist outlet that reports on gun tracing data and a successful prior FOIA litigant on the legal issues in this case. As detailed in the proposed amicus brief, CIR seeks to represent the interests of all members of the public seeking access to statistical information from ATF, beyond this particular lawsuit.

CIR also requests the opportunity to address the broader issue of the ATF's failure to comply with the Ninth Circuit precedent CIR secured years ago. The ATF's FOIA denials compel

---

[1] Available at https://www.thetrace.org/author/alain-stephens.

requesters to needlessly relitigate these issues that are already decided under binding Ninth Circuit precedent. Such responses improperly burden courts and FOIA requesters when litigation or silence is the only avenue for redress.

**I.   CONCLUSION**

For the foregoing reasons, CIR respectfully requests that the Court grant it leave to file the amicus brief attached as Exhibit 1 and the accompanying Declaration of D. Victoria Baranetsky, attached as Exhibit 2.

DATED: August 7, 2023             Respectfully submitted,

*s/ D. Victoria Baranetsky*
D. Victoria Baranetsky,
(SBN 311892)
Dara Gray (SBN pending)
THE CENTER FOR INVESTIGATIVE REPORTING
1300 65th Street, Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Fax: (510)849-6141
vbaranetsky@revealnews.org

Meghan Fenzel
(SBN 324139)
JASSY VICK CAROLAN LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone:     310-870-7048
Facsimile:     310-870-7010
mfenzel@jassyvick.com

Counsel for *Amicus Curiae*
CENTER FOR INVESTIGATIVE REPORTING