D. VICTORIA BARANETSKY (SBN 311892)
DARA GRAY (SBN Pending)
**THE CENTER FOR INVESTIGATIVE REPORTING**
1300 65th Street, Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
Fax: (510) 849-6141
vbaranetsky@revealnews.org

MEGHAN FENZEL (SBN 324139)
**JASSY VICK CAROLAN LLP**
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone:     310-870-7048
Facsimile:       310-870-7010
mfenzel@jassyvick.com

Counsel for Amicus Curiae
THE CENTER FOR INVESTIGATIVE REPORTING

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN LINDSAY-POLAND,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>　　　　　Defendants. | Case No. 3:22-cv-7663-EMC<br><br>**DECLARATION OF<br>D. VICTORIA BARANETSKY** |

## DECLARATION OF D. VICTORIA BARANETSKY

I, D. Victoria Baranetsky, under penalty of perjury and subject to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney of record for *amicus curiae* in this matter, the Center for Investigative Reporting ("CIR" d/b/a "Reveal"). I am a member in good standing of the California State Bar and am admitted to practice before this Court. I have personal knowledge of the matters stated in this declaration. If called upon to do so, I am competent to testify to all matters set forth here.

2. I am General Counsel at the Center for Investigative Reporting, which is a nonprofit public benefit corporation that is tax-exempt under section 501(c)(3) of the Internal Revenue Code, established under the laws of California with its principal place of business in Emeryville, CA.

3. No party's counsel has authored the attached amicus brief, in whole or in part, nor has any person other than *amicus curiae*, its members, or its counsel contributed money that was intended to fund preparing or submitting this brief.

4. From 2017 through 2022, CIR litigated a FOIA case seeking to gain access to statistical aggregate data on firearm tracing from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and won. ATF sought rehearing *en banc* of the Ninth Circuit decision, paid CIR a six-figure attorneys' fees settlement, and did not petition the Supreme Court for writ of certiorari.

5. In April 2022, while discussing attorneys' fees with ATF's counsel in the *CIR v. DOJ* case, CIR's counsel expressed concerns about the agency's response to Mr. Lindsay-Poland's request and whether the agency was following the binding Ninth Circuit precedent. CIR's counsel asked ATF over email, "Does the Government intend to ignore the Ninth Circuit's decision . . . regarding FOIA requests that arise within its geographic jurisdiction?" CIR received no response. Attached as **Exhibit A** is a true and correct copy of my April 5, 2022 email to Mary Carney at the ATF inquiring about "a response to a very similar FOIA request (submitted by John Lindsay-Poland of Oakland, California), in which ATF refused to provide the requested information."

1      6.    Former CIR journalist, Alain Stephens who was the FOIA requester in the *CIR v. DOJ* lawsuit, submitted a 2023 request to ATF seeking updated data to the kind the agency had previously disclosed as a result of *CIR v. DOJ*. ATF denied Mr. Stephens' 2023 request despite the *CIR v. DOJ* ruling in favor of disclosure. In the denial, the Government provided its legal basis:

> [T]he Second Circuit held that the requested information is exempt from disclosure. *See Everytown for Gun Safety Support Fund v. ATF*, 984 F.3d 30 (2d Cir. 2020). Although the Ninth Circuit recently reached a different result on trace data in *Center for Investigative Reporting v. U.S. Department of Justice*, 14 F.4th 916 (9th Cir. 2021), the Ninth Circuit expressly did not address the ground on which the Second Circuit prohibited disclosure, *see id.* at 932-33.

Attached as **Exhibit B** is a true and correct copy of the March 30, 3023 email from Alain Stephen to me, attaching the ATF's March 30, 2023 "Final Response FOIA Request 2023-00744."

      7.    Seeking to understand the ATF's decision to ignore this Ninth Circuit ruling, on March 27, 2023 CIR's attorney submitted a FOIA request to ATF asking for all of the agency's responses to FOIA requests that have requested aggregate firearm trace data and responses that either cited the Second Circuit's *Everytown* case or the Ninth Circuit *CIR* case. Attached as **Exhibit C** is a true and correct copy of that March 27, 2023 FOIA request.

      8.    In response, ATF informed CIR that "there are close to 80 FOIA responses that cite CIR and/or Everytown and fewer than 20 responses denying requests for statistical aggregate trace data," ATF further advised CIR that "the only trace data ATF has released pursuant to FOIA is that which we provided to you [CIR] after the 9th Circuit decision." Attached as **Exhibit D** is a true and correct copy of the email correspondence between me and Mary Carney, Attorney Advisor, Information & Privacy Governance Division of ATF from March 29, 2023 through July 14, 2023.

      9.    After several months of delays, ATF produced a chart to CIR compiling the other FOIA requests ATF has denied that cite to either Second Circuit's Everytown case or the Ninth Circuit CIR case. That chart included eighty (80) FOIA requests seeking firearm tracing data and their denials from the Government. Fourteen (14) of those requests came from within the Ninth Circuit's geographical jurisdiction, only six (6) came from within the Second Circuit's jurisdiction, and 60 came from neither the Ninth or Second Circuit. The denials included this language: "On that basis, the Second Circuit held that the requested information is exempt from disclosure. *See*

*Everytown for Gun Safety Support Fund v. ATF*, 984 F.3d 30 (2d Cir. 2020). Although the Ninth Circuit recently reached a different result on trace data in *Center for Investigative Reporting v. U.S. Department of Justice*, 14 F.4th 916 (9th Cir. 2021), the Ninth Circuit expressly did not address the ground on which the Second Circuit prohibited disclosure, see id. at 932-33." Attached as **Exhibit E** is a true and correct copy of the FOIA response records ATF produced to CIR on July 20, 2023.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 7, 2023                                  Respectfully submitted,

                                          /s/ D. Victoria Baranetsky
                                          D. Victoria Baranetsky