

Meghan Fenzel <mfenzel@jassyvick.com>

## Fwd: Final Response FOIA Request 2023-00744

**Victoria Baranetsky** <vbaranetsky@revealnews.org>                                                          Thu, Mar 30, 2023 at 1:18 PM
To: Anise McKinney <amckinney@revealnews.org>, Dara Gray <dgray@revealnews.org>, Meghan Fenzel <mfenzel@jassyvick.com>

FYI, see below.

---------- Forwarded message ---------
From: **Alain Stephens** <alaincstephens@gmail.com>
Date: Thu, Mar 30, 2023 at 12:50 PM
Subject: Fwd: Final Response FOIA Request 2023-00744
To: Victoria Baranetsky <vbaranetsky@revealnews.org>


They denied me via 2nd Circuit. This wasn't even for aggregate data, but indicator codes. Something they originally gave us early on in the lawsuit, before it was even heard. I attached a previous version on the initial FOIA request as an example, saying I simply needed an update.

This is outrageous. Also The Trace is in the midst of some legal battling with FOIA's at ATF as well.

I'm seeing if anyone else has aggregate data problems. Or other denials based on the 2nd Circuit.

-Alain
---------- Forwarded message ---------
From: **richard.hahn@atf.gov** <noreply@securerelease.us>
Date: Thu, Mar 30, 2023 at 12:28 PM
Subject: Final Response FOIA Request 2023-00744
To: <alaincstephens@gmail.com>



March 30, 2023                                                       Refer to: 2023-00744

Mr. Alain Stephens
4945 Del Monte Avenue, Apartment 9
San Diego, CA  92107-3266

Dear Mr. Stephens:

This responds to your Freedom of Information Act (FOIA) request dated March 6, 2023, and received by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on the same date, in which you requested records concerning the ATF Trace Indicator Code List.  Your

request was assigned number 2023-00744. Please refer to this number in any future correspondence.

You requested material contained in ATF's Firearms Trace System (FTS) database. This information is exempt from disclosure pursuant to Exemption (b)(3) of the FOIA and Public Law 112-55, 125 Stat. 552.

Exemption (b)(3) of the FOIA permits the withholding of information prohibited from disclosure by another statute only if one of two disjunctive requirements are met: the statute either (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. Thus, a statute falls within the exemption's coverage if it satisfies any one of its disjunctive requirements.

You included with your request an example of an ATF Trace Indicator Code List. Prior to 2005, ATF provided a FTS FOIA disk to the public as the appropriation restriction in place at that time permitted the disclosure of FTS data "the extent and in the manner that records so collected, maintained, or obtained have been disclosed under 5 U.S.C.§ 552 prior to the date of the enactment of this Act." In addition, and around this same time-period, some FTS data categories were provided in civil litigations. Among the FTS data categories publicly released at that time was the ATF Trace Indicator Code List.

As you are aware, in 2005, Congress amended the restriction and included the language that no funds "may be used to disclose part or all the contents of the FTS database maintained by the National Tracing Center." The information you are requesting, specifically the ATF Trace Indicator Code list, is contained in the FTS database. The information you requested are created in and solely reside in the FTS database. Therefore, because the restriction requires withholding the contents of the FTS database, we are required to withhold the records you requested in full pursuant to Exemption 3 of the FOIA, 5 U.S.C. § 552(b)(3).

On that basis, the Second Circuit held that the requested information is exempt from disclosure. See Everytown for Gun Safety Support Fund v. ATF, 984 F.3d 30 (2d Cir. 2020). Although the Ninth Circuit recently reached a different result on trace data in Center for Investigative Reporting v. U.S. Department of Justice, 14 F.4th 916 (9th Cir. 2021), the Ninth Circuit expressly did not address the ground on which the Second Circuit prohibited disclosure, see id. at 932-33.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison, Zina Kornegay, 202-648-7390, for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Adam C. Siple
Chief
Information and Privacy Governance Division

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.

Deloitte refers to a Deloitte member firm, one of its related entities, or Deloitte Touche Tohmatsu Limited ("DTTL"). Each Deloitte member firm is a separate legal entity and a member of DTTL. DTTL does not provide services to clients. Please see www.deloitte.com/about to learn more.

v.E.1
--