1

2 **CLEARY GOTTLIEB STEEN
& HAMILTON LLP**
Heather S. Nyong'o (SBN 222202)
3 (415) 796–4400
hnyongo@cgsh.com
4 650 California Street, Suite 2000
San Francisco, CA 94108

5 Elizabeth Vicens (Admitted *pro hac vice*)
Andrew G. Khanarian (Admitted *pro hac vice*)
6 One Liberty Plaza
New York, NY 10006
7
**GIFFORDS LAW CENTER TO
8 PREVENT GUN VIOLENCE**
David Pucino (Admitted *pro hac vice*)
9 William T. Clark (*Pro hac vice* pending)
244 Madison Ave., Suite 147
10 New York, NY 10016

11 *Attorneys for Plaintiff John Lindsay-Poland*

12

13

14 **UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
15 SAN FRANCISCO DIVISION**

16

17

18 | JOHN LINDSAY-POLAND, | Case No. 3:22-cv-07663-EMC |
|---|---|
19 | Plaintiff, | **REPLY IN FURTHER SUPPORT OF** |
| | **PLAINTIFF'S CROSS-MOTION FOR** |
20 | v. | **SUMMARY JUDGMENT ON ALL** |
| | **COUNTS** |
21 | UNITED STATES DEPARTMENT OF | |
| JUSTICE; and BUREAU OF ALCOHOL, | Date: October 19, 2023, 1:30 PM |
22 | TOBACCO, FIREARMS AND EXPLOSIVES, | Location: Via Zoom |
23 | Defendants. | Judge: Hon. Edward M. Chen |

24

25

26

27

28

1

2

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ................................................................................................................................... 5

     I.       The Government Does Not Dispute That Mr. Lindsay-Poland Is Legally Entitled To The Requested Records Based On The Evidence Before This Court .......................................................................... 5

     II.     The 2012 Tiahrt Rider Is Not A Valid Basis To Deny Mr. Lindsay-Poland Access To The Requested Records Because It Does Not Satisfy Exemption 3's Express Citation Requirement. ............... 10

     III.    The 2012 Tiahrt Rider Is Not A Withholding Statute With Respect To Statistical Aggregate Data. ......................................................... 13

CONCLUSION .............................................................................................................................. 14

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

<u>**Cases**</u>

4

*Amcor Flexibles Inc. v. Fresh Express Inc.,*
    2014 WL 2967909 (N.D. Cal. July 1, 2014) ............................................................................5

5

*Angeles v. U.S. Airways, Inc.,*
    2013 WL 622032 (N.D. Cal. Feb. 19, 2013) ...........................................................................5

6

*Carlson v. U.S. Postal Serv.,*
    504 F.3d 1123 (9th Cir. 2007) .................................................................................................7

7

8

*Church of Scientology of Cal. v. U.S. Postal Serv.,*
    633 F.2d 1327 (9th Cir. 1980) ......................................................................................3, 4, 13

9

*City of Chicago v. U.S. Dep't of Treasury,*
    423 F.3d 777 (7th Cir. 2005) .................................................................................................11

10

11

*Ctr. for Investigative Reporting v. U.S. Dep't of Justice,*
    14 F.4th 916 (9th Cir. 2021) ........................................................................................ *passim*

12

*Dorsey v. United States,*
    567 U.S. 260 (2012) ............................................................................................................2, 10

13

*Epic Sys. Corp. v. Lewis,*
    138 S. Ct. 1612 (2018) ...........................................................................................2, 3, 10, 11

14

15

*Evankavitch v. Green Tree Servicing, LLC,*
    793 F.3d 355 (3d Cir. 2015) ....................................................................................................8

16

*J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.,*
    534 U.S. 124 (2001) ..........................................................................................................2, 10, 12

17

18

*Long v. U.S. I.R.S.,*
    742 F.2d 1173 (9th Cir. 1984) .........................................................................................6, 13

19

*Mann Constr., Inc. v. United States,*
    27 F.4th 1138 (6th Cir. 2022) ...............................................................................................11

20

*Marcello v. Bonds,*
    349 U.S. 302 (1955) ...............................................................................................................11

21

22

*Microsoft Corp. v. I4I Ltd. P'ship,*
    564 U.S. 91 (2011) .................................................................................................................12

23

*Morgan v. U.S. Dep't of Justice,*
    923 F.2d 195 (D.C. Cir. 1991) ..............................................................................................12

24

25

*Morton v. Mancari,*
    417 U.S. 535 (1974) .................................................................................................................2

26

27

28

**R**EPLY IN **F**URTHER **S**UPPORT OF **P**LAINTIFF'S **C**ROSS-**M**OTION FOR **S**UMMARY **J**UDGMENT
**C**ASE **N**O. 3:22-CV-07663-EMC

ii

*Nat'l Commc'ns Ass'n Inc. v. AT&T Corp.*,
    238 F.3d 124 (2d Cir. 2001)........................................................................................8

*Nightingale v. U.S. Citizenship & Immigr. Serv.*,
    507 F. Supp. 3d 1193 (N.D. Cal. 2020) ..................................................................6

*Pick v. Motorola Sols., Inc.*,
    2022 WL 409681 (C.D. Cal. Feb. 10, 2022)........................................................6, 7

*Powell v. U.S. Dep't of Justice*,
    584 F. Supp. 1508 (N.D. Cal. 1984) ......................................................................6

*Pub. Citizen v. U.S. Dep't of Agric.*,
    2022 WL 3139003 (D.D.C. Aug. 5, 2022)..............................................................6

*Tailford v. Experian Info. Sols. Inc.*,
    26 F.4th 1092 (9th Cir. 2022)..................................................................................9

*Torres Consulting & L. Grp., LLC v. Nat'l Aeronautics & Space Admin.*,
    666 F. App'x 643 (9th Cir. 2016) ...........................................................................6

*Twitter, Inc. v. Garland*,
    61 F.4th 686 (9th Cir. 2023)....................................................................................9

*U.S. Dep't of Justice v. Tax Analysts*,
    492 U.S. 136 (1989)................................................................................................9

**Statutes**

Consol. Appropriations Act, 2005, Pub. L. No. 108–447, 118 Stat. 2809, 2859 (2004)...............12

Freedom of Information Act, 5 U.S.C. § 552......................................................*passim*

Tiahrt Rider, Pub. L. No. 112–55, 125 Stat. 522, 609 (2012)................................*passim*

**Rules**

Civil L.R. 7-3 ........................................................................................................6

**Other Authorities**

ATF, National Firearms Commerce and Trafficking Assessment (NFCTA): Crime Guns –
    Volume Two, Part IV (2023) ..................................................................................9

**PRELIMINARY STATEMENT**

This case arose because the Government[1] improperly denied Mr. Lindsay-Poland's FOIA Request, despite binding Ninth Circuit precedent requiring the Government to produce the Requested Records.  As explained in Mr. Lindsay-Poland's *Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment on All Counts*, ECF 35 ("Mr. Lindsay-Poland's Cross-Motion" or the "LP Cross-Mot."), binding Ninth Circuit precedent makes clear that the 2012 Tiahrt Rider does not prohibit the disclosure of statistical aggregate data to members of the media, like Mr. Lindsay-Poland.  *See Ctr. for Investigative Reporting v. U.S. Dep't of Justice*, 14 F.4th 916 (9th Cir. 2021); *see also* LP Cross-Mot. at 12–16.  Mr. Lindsay-Poland is undoubtedly a member of the media and has over three decades of experience working as a journalist, researcher and analyst covering Mexico and Central America.  *See Declaration of Plaintiff John Lindsay-Poland in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment* ¶¶ 3–5, ECF 36 (the "LP Decl.").  Over the course of his career, Mr. Lindsay-Poland has published over 75 articles, reports and press releases on the region in leading outlets such as *The L.A Times*, LP Decl. ¶ 9, and has been quoted by news services such as *Reuters*, LP Decl. ¶ 10.

The Government does not dispute in its *Reply in Support of Defendants' Motion for Summary Judgment and Memorandum in Opposition to Plaintiff's Cross-Motion*, ECF 49 (the "Government's Opposition Brief" or "Gov. Opp. Br.") that the evidence before this Court conclusively establishes that Mr. Lindsay-Poland is a member of the media.  *See* Gov. Opp. Br. at 9.  Likewise, the Government does not contest, and therefore concedes, that Mr. Lindsay-Poland's FOIA Request solely seeks aggregate data.  *Id*.  Because there is no dispute that the Requested Records fall outside the scope of the 2012 Tiahrt Rider, this Court should order the Government to produce the Requested Records forthwith.

In addition to the Requested Records falling outside the scope of the 2012 Tiahrt Rider, Mr.

---

[1]     Each capitalized term used but not defined herein has the meaning ascribed to it in Mr. Lindsay-Poland's *Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment on All Counts*, ECF 35.

1  Lindsay-Poland is entitled to summary judgment on the additional basis that the 2012 Tiahrt Rider
2  is not a withholding statute that satisfies Exemption 3's statutory requirements.  "Exemption 3
3  relieves an agency of its obligation to disclose material 'specifically exempted from disclosure by
4  statute,' but only if that statute (1) 'requires that the matter be withheld from the public in such a
5  manner as to leave no discretion on the issue' or 'establishes particular criteria for withholding or
6  refers to particular types of matters to be withheld,' *and* (2) 'if enacted after the date of enactment
7  of the OPEN FOIA Act of 2009, specifically cites to this paragraph.'"  *Ctr. for Investigative*
8  *Reporting*, 14 F.4th at 926 (emphasis supplied).  As explained further below, the 2012 Tiahrt Rider
9  fails the first requirement (or the "Withholding Requirement") because it grants ATF nearly
10  limitless discretion to release aggregate trace data and the 2012 Tiahrt Rider fails the second
11  requirement (or the "Express Citation Requirement") because it does not cite Exemption 3.  The
12  2012 Tiahrt Rider's failure to satisfy each requirement each provides an additional, independent
13  basis for ruling in Mr. Lindsay-Poland's favor.

14  ***The 2012 Tiahrt Rider fails the Express Citation Requirement***

15  There is no dispute that the 2012 Tiahrt Rider does not cite Exemption 3.  Gov. Opp. Br. at
16  2.  Therefore, the 2012 Tiahrt Rider can only serve as a withholding statute under Exemption 3 if
17  it impliedly repealed the Express Citation Requirement, which requires the two statutes to be
18  "irreconcilable,"  *J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.*, 534 U.S. 124, 141–42
19  (2001), and Congress's intent to displace the earlier statute be "clear and manifest,"  *Epic Sys. Corp.*
20  *v. Lewis*, 138 S. Ct. 1612, 1624 (2018) (citing *Morton v. Mancari*, 417 U.S. 535, 551 (1974)); *see*
21  *also* LP Cross-Mot. at 8.  As explained in Mr. Lindsay-Poland's Cross-Motion, the 2012 Tiahrt
22  Rider fails both requirements for an implied repeal because it does not mention the Freedom of
23  Information Act at all and both statutes are not irreconcilable.  *See* LP Cross-Mot. at 6–11.

24  In response, the Government does not argue that the 2012 Tiahrt Rider reflects a clear and
25  manifest intent to repeal the Express Citation Requirement.  The Government instead insists that a
26  later statute can repeal a prior statute based solely on its "fair implication."  Gov. Opp. Br. at 5–6
27  (citing *Dorsey v. United States*, 567 U.S. 260 (2012)).  But as explained in Mr. Lindsay-Poland's
28  Cross-Motion, that is not the correct standard and *Dorsey* derived that language from the specific

1871 savings statute at issue in that case.  *See* LP Cross-Mot. at 10–11.  The Government does not respond to this point at all and notably does not cite a single Ninth Circuit case applying *Dorsey* outside the context of the 1871 savings statute.  Gov. Opp. Br. at 5.  And the Government flatly ignores that the Supreme Court has reaffirmed in cases after *Dorsey* that Congress must express a "clear and manifest" intent to impliedly repeal a prior statute.  *See Epic Sys. Corp.*, 138 S. Ct. at 1624.

The Government also fails to establish an irreconcilable conflict between the 2012 Tiahrt Rider and the Freedom of Information Act, which is a necessary condition for an implied repeal. The Government suggests that the 2012 Tiahrt Rider irreconcilably conflicts with the Freedom of Information Act because the 2012 Tiahrt Rider states that trace data "shall be immune from legal process."  *See* Gov. Opp. Br. at 4 (citing the 2012 Tiahrt Rider, Pub. L. No. 112–55, 125 Stat. 522, 610).  But that language does not mention the Freedom of Information Act at all and can naturally be read to refer to matters unrelated to the Freedom of Information Act, resulting in no irreconcilable conflict.  And, in any event, that language **preceded** the enactment of the Express Citation Requirement in 2009 and therefore does not come close to indicating a "clear and manifest" intent to repeal the Express Citation Requirement.

### *The 2012 Tiahrt Rider fails the Withholding Requirement*

The 2012 Tiahrt Rider is not a valid basis for withholding statistical aggregate trace data because it does not require ATF to keep such information from the public.  Congress has made clear that a statute cannot qualify as a withholding statute for purposes of Exemption 3 if the statute merely provides "general benchmarks for secrecy" and does not mandate nondisclosure.  *See Church of Scientology of Cal. v. U.S. Postal Serv.*, 633 F.2d 1327, 1330 (9th Cir. 1980).  And the provision containing the Aggregate Data Exception expressly permits ATF to release **any** "statistical aggregate data regarding firearms traffickers and trafficking channels, or firearms misuse, felons, and trafficking investigations" to the public.  125 Stat. at 610.  The Government responds that the requirement that the statistical aggregate data be "published" "leave[s] no discretion" to ATF.  Gov. Opp. Br. at 10.  Not so.  The word "publication" does not create a standard or formula governing what information ATF can release into the public domain.  And, in any event,

1   "statutes setting forth very general benchmarks for secrecy 'in fact delegate to administrators the

2   entire burden of identifying the problems disclosure might generate' and thus 'do not satisfy

3   subsection (B)'s requirement that Congress have articulated 'particular criteria.'"   *Church of*

4   *Scientology of Cal.*, 633 F.2d at 1330.   Nor is there any conflict between the 2012 Tiahrt Rider

5   failing the Withholding Requirement and the Ninth Circuit's decision in *Center for Investigative*

6   *Reporting*, which solely addressed the scope of the 2012 Tiahrt Rider.   The Ninth Circuit did not

7   reach the question of whether the 2012 Tiahrt Rider satisfies the Withholding Requirement.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARGUMENT**

**I.     The Government Does Not Dispute That Mr. Lindsay-Poland Is Legally Entitled To The Requested Records Based On The Evidence Before This Court.**

The Government does not contest that *Center for Investigative Reporting* is binding and controlling precedent from the Ninth Circuit governing this case.  *See* Memorandum in Support of Defendants' Motion for Summary Judgment, ECF 32-1, at 14 n.2.  Under that binding precedent, disclosing "statistical aggregate data" to "representatives of the public" such as members of the media falls within the Aggregate Data Exception to the 2012 Tiahrt Rider.  *See* LP Cross-Mot. at 12 (citing *Ctr. for Investigative Reporting,* 14 F.4th at 935).

The Government does not dispute that the record before this Court establishes that Mr. Lindsay-Poland is a member of the media.  *See* Gov. Opp. Br. at 8–9 (failing to address Mr. Lindsay-Poland's Declaration at all and requesting an opportunity for ATF to "issue a revised determination").  Nor does the Government argue before this Court that the FOIA Request seeks anything other than statistical aggregate data. *Id*. at 9 (conceding that ATF has not "determine[d] . . . what, if any, non-aggregate data" is responsive to the FOIA Request).  These concessions are fatal to the Government's claim that it may withhold the Requested Records on the basis of the 2012 Tiahrt Rider.  *See Amcor Flexibles Inc. v. Fresh Express Inc.*, 2014 WL 2967909, at *7 (N.D. Cal. July 1, 2014) (defendant concedes argument by failing to address it in its reply brief); *Angeles v. U.S. Airways, Inc.*, 2013 WL 622032, at *4 (N.D. Cal. Feb. 19, 2013) ("The failure to respond amounts to a concession.").  This Court should therefore "enjoin [ATF] from withholding [the Requested Records]" and "order the production of [the Requested Records] improperly withheld from [Mr. Lindsay-Poland]."  *See* 5 U.S.C. § 552 (a)(4)(B).

The Government's sole argument for why this Court should not order the release of the Requested Records is that this Court should first give ATF another chance to apply *Center for Investigative Reporting*—despite having flatly rejected it the first time around.  *See* Gov. Opp. Br. at 9  (asking this Court to remand case back to ATF for it to determine whether Mr. Lindsay-Poland is a member of the media and whether the FOIA Request seeks non-aggregate data); *but see* Siple Decl. Ex. C, ECF 33-3 (refusing to apply *Center for Investigative Reporting* in denying Mr.

1   Lindsay-Poland's FOIA Request).  This argument both misreads the Freedom of Information Act

2   and distorts the undisputed facts of this case.

3       *First*, the Government's request for a second bite at the apple fundamentally misunderstands

4   judicial review of denials under the Freedom of Information Act.  Once a requester exhausts their

5   administrative remedies and files suit, Congress directed that the "***court*** shall determine the matter

6   de novo," including "examin[ing] the contents of such agency records in camera to determine

7   whether such records or any part thereof shall be withheld."  *See* 5 U.S.C. § 552 (a)(4)(B) (emphasis

8   supplied).  There is no dispute that Mr. Lindsay-Poland properly exhausted his administrative

9   remedies prior to filing suit.  *See* Siple Decl. Ex. D, ECF 33-4.  Therefore, this Court should

10  "determine the matter" using the undisputed facts before it.  *See Long v. U.S. I.R.S.*, 742 F.2d 1173,

11  1182 (9th Cir. 1984) (holding district court should resolve dispute over applicability of Exemption

12  3 using facts before it); *see also Pub. Citizen v. U.S. Dep't of Agric.*, 2022 WL 3139003, at *2

13  (D.D.C. Aug. 5, 2022) ("Motions for summary judgment in FOIA suits, as in all cases, are governed

14  by Federal Rule of Civil Procedure 56."); *Pick v. Motorola Sols., Inc.*, 2022 WL 409681, at *5

15  (C.D. Cal. Feb. 10, 2022) ("The Federal Rules of Civil Procedure necessarily govern this [FOIA]

16  case, notwithstanding that Defendants may be used to handling FOIA requests in their own way.").[2]

17      The Government's contention that Mr. Lindsay-Poland failed to "press" his status as a

18  member of the media in his administrative appeal, Gov. Opp. Br. at 7, is another red herring.  Mr.

19  Lindsay-Poland first established in his FOIA Request that he is a member of the media by

20  identifying himself as such and pointing ATF to several examples of his reporting.  *See* Siple Decl.

21  Ex. A, ECF 33-1.  More importantly, the Government did not challenge Mr. Lindsay-Poland's news

22  _____

23  [2]    The Government does not challenge the admissibility of Mr. Lindsay-Poland's Declaration
    anywhere in the Government's Opposition Brief, and therefore waives any challenges to the
    admissibility of the evidence contained in the Declaration.  *See* Civil L.R. 7-3(a) ("Any evidentiary

24  . . . objections to the motion must be contained within the [opposition] brief or memorandum.").  In
    any event, declarations are proper at the summary judgment stage.  *See Torres Consulting & L.*

25  *Grp., LLC v. Nat'l Aeronautics & Space Admin.*, 666 F. App'x 643, 644–45 (9th Cir. 2016)
    (reversing grant of summary judgment in favor of agency because requester's competing

26  declaration created factual dispute); *Nightingale v. U.S. Citizenship & Immigr. Serv.*, 507 F. Supp.
    3d 1193, 1198 (N.D. Cal. 2020) (relying on requesters' declarations filed in support of their motion

27  for summary judgment in granting said motion); *Powell v. U.S. Dep't of Justice*, 584 F. Supp. 1508,
    1515 (N.D. Cal. 1984) (considering submission of additional declarations in the district court

28  proceedings to determine validity of exemption).

media status ***at all*** before filing its summary judgment motion.  It did not raise Mr. Lindsay-Poland's media status as grounds for denying his initial request, *see* Siple Decl. Ex. C, ECF 33-3, denying his appeal, *see* Siple Decl. Ex. E, ECF 33-5, or even as an affirmative defense in these proceedings when it filed its Answer, *see* ECF 20.  Mr. Lindsay-Poland had no reason to believe that the Government contested this issue.  *See Pick*, 2022 WL 409681, at *7 ("[T]he Court finds nothing in [FOIA] that gives Defendants a right to reserve their exemptions after they have already answered.").  ATF instead chose to deny Mr. Lindsay-Poland's FOIA Request on the basis of non-binding, out-of-circuit case law, which naturally became the focus of Mr. Lindsay-Poland's administrative appeal.  *See* Siple Decl. Ex. C, ECF 33-3; *id*. Ex. D, ECF 33-4.

As soon as the Government challenged Mr. Lindsay-Poland's news media status, Mr. Lindsay-Poland submitted overwhelming and undisputed evidence confirming that he is a journalist with an extensive body of published work.  *See* LP Decl.  This court is permitted to consider all of the evidence submitted by the parties in support of summary judgment and decide, without deference to the agency, whether Mr. Lindsay-Poland is entitled to the Requested Records.  *See Carlson v. U.S. Postal Serv.*, 504 F.3d 1123, 1127 (9th Cir. 2007) (refusing to "give deference to the USPS's determination that the requested information was 'information of a commercial nature'").  It would be fundamentally unfair to allow the Government to raise completely new grounds for denying Mr. Lindsay-Poland's request without giving him an opportunity to respond.

*Second*, the Government argues that this Court should remand this case back to ATF because it believes that judicial review of the Government's interpretation and application of the 2012 Tiahrt Rider is limited to the record before ATF.  Gov. Opp. Br. at 8.  As explained in Mr. Lindsay-Poland's Cross-Motion at 14–15, the Government misreads the Freedom of Information Act.  The Freedom of Information Act only limits judicial review to the record before the agency in an "action by a requester regarding the waiver of fees."  *See* 5 U.S.C. § 552(a)(4)(A)(vii).  Judicial review otherwise is plenary and de novo.  *Compare* 5 U.S.C. § 552(a)(4)(A)(vii) ("In any action by a requester regarding the waiver of fees under this section, the court shall determine the matter de novo: Provided, That the court's review of the matter shall be limited to the record before the agency."), *with* 5 U.S.C. § 552(a)(4)(B) ("In such a case the court shall determine the matter de

novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action."). Because members of the media are entitled to certain reductions in fees, the Government leaps to the conclusion that this Court's interpretation of the 2012 Tiahrt Rider—which coincidently involves the related question of whether Mr. Lindsay-Poland is a member of the media—is similarly limited. Gov. Opp. Br. at 8. But the Ninth Circuit's reference to 5 U.S.C. § 552(a)(4)(A)(ii) in *Center for Investigative Reporting* for purposes of defining representatives of the news media does not change the fact that this action is not an action "regarding the waiver of fees." *See* 5 U.S.C. § 552(a)(4)(A)(vii). The Ninth Circuit's decision in *Center for Investigative Reporting* makes this crystal clear. In that case, the Ninth Circuit relied on the record before the district court to determine whether the 2012 Tiahrt Rider prohibited disclosure of the records. *Ctr. for Investigative Reporting,* 14 F.4th at 934 (noting "the record reveals that the requested data will play a role in [the requester's] upcoming 'project' on gun violence"). The Government further grasps at straws when it argues the Ninth Circuit's cite to a fee waiver case supports adopting the judicial review provisions of fee waiver cases in cases involving the 2012 Tiahrt Rider. Gov. Opp. Br. at 6–7. The Ninth Circuit's cite to that case in a footnote—merely to point out that "courts must already grapple with [the issue of who is a member of the media] in the FOIA context"—does not imply it was endorsing limiting judicial review (and its decision suggests the opposite). *See Ctr. for Investigative Reporting*, 14 F.4th at 934 n.14.

   *Third*, the Government contradicts the text of the Freedom of Information Act by arguing that Mr. Lindsay-Poland bore the burden of proving the inapplicability of the 2012 Tiahrt Rider to his FOIA Request. Gov. Opp. Br. at 7–8. Congress, in fact, assigned the burden of proving any exemptions to the Government. *See* 5 U.S.C. § 552(a)(4)(B). The Government argues that because Mr. Lindsay-Poland is invoking an exception to a withholding statute about which he has more information, the burden shifts. Gov. Opp. Br. at 7–8. But each of the cases cited by the Government for this proposition involve statutes that were silent on the question of burden. *See Evankavitch v. Green Tree Servicing, LLC*, 793 F.3d 355, 361 (3d Cir. 2015) (involving statute that "is silent on the allocation of the burden of persuasion"); *Nat'l Commc'ns Ass'n Inc. v. AT&T Corp.*, 238 F.3d

124, 130 (2d Cir. 2001) (same).  Any purported default rule about who bears the burden of proving an exception does not apply here where Congress expressly said that the Government bears the burden.  *See* 5 U.S.C. § 552(a)(4)(B); *see also Ctr. for Investigative Reporting*, 14 F.4th at 937 ("[t]he burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not [currently existing] agency records." (citing *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989) (quotations omitted))).

*Fourth*, the Government argues that this Court must remand this case for ATF to run its search before it can determine what data is aggregate data.  Gov. Opp. Br. at 9–10.  But the Government ignores that the question of whether the FOIA Request seeks statistical aggregate data is based on the FOIA Request itself, not the search.  *See Ctr. for Investigative Reporting,* 14 F.4th at 933–34 (applying the 2012 Tiahrt Rider's term "aggregate" to the FOIA request, not the search results).[3]  And Mr. Lindsay-Poland's FOIA Request plainly does not request non-aggregate data. Mr. Lindsay-Poland's FOIA Request seeks, "[f]or each country, and each year, the number of firearms recovered and traced to a federal firearms licensee from each: a) state, b) county, and c) ZIP code."  *See* Siple Decl. ¶ 12, ECF 33.  Thus, the FOIA Request seeks a "number" that combines data spanning over a 365-day period, which is aggregate data.  *See Twitter, Inc. v. Garland*, 61 F.4th 686, 693 (9th Cir. 2023) (finding that the total number of occurrences of an event, even if "zero" is an example of aggregate statistical data); *see also Tailford v. Experian Info. Sols. Inc.*, 26 F.4th 1092, 1103 (9th Cir. 2022) (holding that information organized by zip code and non-identifying to a specific customer is aggregate data).[4]

---

[3]    The Government's suggestion that Mr. Lindsay-Poland granted the Government carte blanche to raise new objections regarding aggregate data by not objecting to a vague footnote about plans to hold back unresponsive non-aggregate data from ***search results***, *see* Gov. Opp. Br. at 9, is absurd.  As described above, the FOIA Request only seeks aggregate data.  That the Government may conduct broader searches than needed and hold back non-responsive records is beside the point.

[4]    The ATF itself appears to agree that the number of firearms traced to a single licensee over a period of time is statistical aggregate data because it has previously released such data with respect to individual manufacturers for the years 2017 through 2021.  *See* ATF, National Firearms Commerce and Trafficking Assessment (NFCTA): Crime Guns – Volume Two, Part IV at 13 (2023), https://www.atf.gov/firearms/docs/report/nfcta-volume-ii-part-iv-crime-guns-recovered-outside-us-and-traced-le/download.

1

**II.    The 2012 Tiahrt Rider Is Not A Valid Basis To Deny Mr. Lindsay-Poland Access To**

2

**The Requested Records Because It Does Not Satisfy Exemption 3's Express Citation**

3

**Requirement.**

4          As explained in Mr. Lindsay-Poland's Cross-Motion, the Government cannot invoke

5    Exemption 3 as a purported basis for withholding the Requested Records because the 2012 Tiahrt

6    Rider does not satisfy Exemption 3's Express Citation Requirement.  "Exemption 3 relieves an

7    agency of its obligation to disclose material 'specifically exempted from disclosure by statute,' but

8    only if that statute . . . specifically cites to [Exemption 3.]"  *Ctr. for Investigative Reporting*, 14

9    F.4th at 926; *see also* LP Cross-Mot at 6–11.  The Government does not dispute that Congress

10   declined to cite to Exemption 3 in the 2012 Tiahrt Rider, which was passed three years after

11   Congress added the Express Citation Requirement in 2009, Gov. Opp. Br. at 2, despite Congress

12   expressly citing Exemption 3 in several statutes passed in the wake of the Open FOIA Act of 2009,

13   *see* LP Cross-Mot at 7 n.7 (citing numerous examples where Congress satisfied the Express Citation

14   Requirement in the years immediately following the enactment of the Open FOIA Act of 2009).

15   Therefore, the only way the 2012 Tiahrt Rider can operate as a withholding statute is if it impliedly

16   repealed the Express Citation Requirement.  An implied repeal requires the Freedom of Information

17   Act and 2012 Tiahrt Rider to be "irreconcilable," *see J.E.M. Ag Supply, Inc*, 534 U.S. at 141-42,

18   and Congress's intent to repeal the Freedom of Information Act "must be clear and manifest," *Epic*

19   *Sys. Corp.*, 138 S. Ct. at 1624 (quotations omitted); *see also* LP Cross-Mot. at 8.

20          The Government's response that *Dorsey* lowered the well-established standard for finding

21   an implied repeal misses the mark for two reasons.  *See* Gov. Opp. Br. at 5–6 (citing *Dorsey*, 567

22   U.S. at 274).    As explained in Mr. Lindsay-Poland's Cross-Motion, the Express Citation

23   Requirement does not present any of the concerns expressed in *Dorsey* because it does not limit

24   Congress's ability to pass future statutes.  Instead, it merely refines the category of statutes that

25   meet the requirements of Exemption 3.  *See* LP Cross-Mot. at 7.  And, in any event, *Dorsey* set

26   forth a lower standard for applying one particular savings statute from 1871.  *See* LP Cross-Mot. at

27   10.  The Government does not rebut at all Mr. Lindsay-Poland's explanation of how *Dorsey*'s "fair

28   implication" language was the product of the particular statute the Supreme Court was applying,

and the Government fails to cite a single Ninth Circuit case applying their proposed standard from *Dorsey*.[5]  Nor does the Government respond to the more recent Supreme Court decision in *Epic Sys. Corp. v. Lewis*, which made clear that Congress's intent to repeal the earlier statute "must be clear and manifest."  *Epic Sys. Corp.*, 138 S. Ct. at 1624 (quotations omitted).  The Government instead mischaracterizes Mr. Lindsay-Poland's Cross-Motion as applying *Dorsey*'s dissent.  Gov. Opp. Br. at 5.  In reality, it is the Government that is misapplying *Dorsey*'s majority opinion.  As discussed above, the majority opinion only addressed the application of the 1871 savings statute, and the dissenters disagreed with the majority's standard.  There was no disagreement, however, between the majority and dissenters on what would be the standard for repealing other statutes.

Possibly recognizing the limited reach of *Dorsey*, the Government suggests that *Dorsey* was summarizing an earlier decision, *Marcello*, and quotes *Marcello*'s statement that Congress cannot require "magical passwords" to exempt a statute from a general rule. Gov. Opp. Br. at 5.  But while the Government does not need to use a magical password where it impliedly repeals the prior statute, that does not change the standard for an implied repeal.  And *Marcello* does not support the Government's watered-down implied repeal standard because that case involved a situation where Congress rewrote the review process of immigration proceedings and provided "clear and categorical direction" that Congress intended for the second statute to supersede the prior.  *See Marcello v. Bonds*, 349 U.S. 302, 309 (1955).

The Government then argues that Congress met this lower standard by specifically including the phrase "immune from legal process" in the 2012 Tiahrt Rider, and claims that this language unmistakably referenced trace data. Gov. Opp. Br. at 1–2 (citing *City of Chicago v. U.S. Dep't of Treasury*, 423 F.3d 777, 782 (7th Cir. 2005)).  But even if the Government was applying the right standard, this language could not possibly have been intended to repeal the Express

---

[5]    The one out-of-circuit case cited by the Government that references *Dorsey* does not actually apply *Dorsey*'s standard.  *See* Gov. Opp. Br. at 5 (citing *Mann Constr., Inc. v. United States*, 27 F.4th 1138, 1144–45 (6th Cir. 2022)).  Right after citing *Dorsey*, the *Mann* court states that there must be an "express[] indication of congressional intent" that must be "clear or plain." 27 F.4th at 1144–45 (quotations omitted).  The *Mann* court went on to find no repeal by implication precisely because Congress did not "indicate an exemption from [the earlier] requirements in a 'clear' or 'plain' way."  *Id.* at 1146.

1   Citation Requirement, which was added in 2009, because it *preceded* the enactment of Express

2   Citation Requirement.  *See* Consol. Appropriations Act, 2005, Pub. L. No. 108–447, 118 Stat. 2809,

3   2859–60 (2004) ("and all such data shall be immune from legal process").  The court in *City of*

4   *Chicago* was answering an entirely different question than the implied repeal question before this

5   Court.

6          In addition to failing the "clear and manifest" standard, the Government fails to identify any

7   irreconcilable conflict between the 2012 Tiahrt Rider and the Express Citation Requirement.  As

8   described in Mr. Lindsay-Poland's Cross-Motion, the 2012 Tiahrt Rider does not mention the

9   Freedom of Information Act at all.  Thus, the two statutes comfortably coexist.   *See J.E.M. Ag*

10  *Supply, Inc.*, 534 U.S. at 144 (A court will "give effect to two statutes that overlap, so long as each

11  reaches *some* distinct cases." (emphasis supplied)).  The Government responds that there is an

12  irreconcilable conflict because the phrase "immune from legal process" must be read to include the

13  Freedom of Information Act so as to avoid superfluity.  Gov. Opp. Br. at 4.  But the language is not

14  as "unmistakable" as the Government claims.  *See Ctr. for Investigative Reporting,* 14 F.4th at 931

15  n.5 ("We think one could argue over whether [the phrase "immune from legal process"] constituted

16  an explicit prohibition on disclosure itself.").  And, in any event, the canon against superfluity is

17  not appropriate here because the Government's interpretation still results in significant superfluous

18  language.  *See Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 106 (2011) (declining to apply canon

19  against superfluity because "no interpretation of [the statutory provision] . . . avoids excess

20  language"); *see also* 2012 Tiahrt Rider, 125 Stat. at 610 (trace data "shall be inadmissible in

21  evidence" and "shall not be used . . . in any manner").  What is clear, however, is that the 2012

22  Tiahrt Rider does not expressly cover disclosure under the Freedom of Information Act.  The

23  Government also argues that permitting release through the Freedom of Information Act but not

24  other means "is functionally no restriction at all."  Gov. Opp. Br. at 4.  But "there are situations in

25  which FOIA will permit access to information that would not be available through discovery."

26  *Morgan v. U.S. Dep't of Justice*, 923 F.2d 195, 198 (D.C. Cir. 1991).  Therefore, the 2012 Tiahrt

27  Rider does not satisfy the requirements for impliedly repealing the Express Citation Requirement.

28

---

### III.    The 2012 Tiahrt Rider Is Not A Withholding Statute With Respect To Statistical Aggregate Data.

Mr. Lindsay-Poland is entitled to the Requested Records for the additional reason that the 2012 Tiahrt Rider does not meet the Withholding Requirement with respect to statistical aggregate data.  A withholding statute must either "require[] that the matters be withheld from the public in such a manner as to leave no discretion on the issue" or "establish[] particular criteria for withholding or refer[] to particular types of matters to be withheld."  5 U.S.C. § 552(b)(3)(A); *see also* LP Cross-Mot. at 16–17.   The 2012 Tiahrt Rider does not exempt with "no discretion" statistical aggregate under Exemption 3, nor does it provide agencies with "particular criteria" for determining when to release such data.  Rather, the 2012 Tiahrt Rider grants broad discretion to release statistical data, requiring only that the data be "regarding firearms traffickers and trafficking channels, or firearms misuse, felons, and tracking investigations."  *See* 125 Stat. at 610.  Those requirements are precisely the sorts of "general benchmarks for secrecy" that cannot qualify as a withholding statute for purposes of Exemption 3.  *See Church of Scientology*, 633 F.2d at 1330.

Both of the Government's responses lack merit.  They first argue that such a holding would conflict with the Ninth Circuit's decision in *Center for Investigative Reporting* because that decision only addressed the release of statistical aggregate data to members of the media.  Gov. Opp. Br. at 10.  But the Ninth Circuit simply did not reach the question of whether the 2012 Tiahrt Rider qualifies as a withholding statute and thus held for the requester on narrower grounds.  *Ctr. for Investigative Reporting*, 14 F.4th at 935.   The Government then argues that the word "publication" removes ATF's discretion, satisfying the requirements of Exemption 3.  But a statutory provision will only qualify as a withholding statute if "the enactment is the product of congressional appreciation of the dangers inherent in airing particular data and incorporates a formula whereby the administrator may determine precisely whether disclosure in any instance would pose the hazard that Congress foresaw."  *Long*, 742 F.2d at 1179.  Here Congress provided no formula for the release of statistical aggregate data, granting ATF unfettered discretion to place statistical aggregate data in the public domain; therefore, under the Freedom of Information Act, ATF has an obligation to release it.

1

**CONCLUSION**

2        The Government's Motion for Summary Judgment should be denied and Mr. Lindsay-

3  Poland's Cross-Motion for Summary Judgment should be granted.

4

5        Dated: September 15, 2023

6                                                            CLEARY GOTTLIEB STEEN & HAMILTON
                                                             LLP

7                                                             */s/ Elizabeth Vicens*

8                                                            Heather S. Nyong'o (SBN 222202)
                                                             hnyongo@cgsh.com

9                                                            650 California Street, Suite 2000
                                                             San Francisco, CA 94108

10

11                                                           Elizabeth Vicens (Admitted *pro hac vice*)
                                                             Andrew G. Khanarian (Admitted *pro hac vice*)

12                                                           One Liberty Plaza
                                                             New York, NY 10006

13                                                           GIFFORDS LAW CENTER TO PREVENT
                                                             GUN VIOLENCE

14

15                                                           David Pucino (Admitted p*ro hac vice*)
                                                             William T. Clark (*Pro hac vice* pending)

16                                                           244 Madison Ave., Suite 147
                                                             New York, NY 10016

17                                                           *Attorneys for Plaintiff John Lindsay-Poland*

18

19

20

21

22

23

24

25

26

27

28